**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4113**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

NICHOLAS EMORY STALLARD,

Defendant – Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.  James P. Jones, Chief District Judge. (1:07-cr-00041-jpj-pms-1)

Submitted:  February 18, 2009          Decided:  March 13, 2009

Before TRAXLER, KING, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Larry W. Shelton, Federal Public Defender, Nancy C. Dickenson, Assistant Federal Public Defender, Abingdon, Virginia, for Appellant.  Julia C. Dudley, Acting United States Attorney, Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nicholas Emory Stallard pled guilty to bank robbery, 18 U.S.C. §§ 2113(a), 2 (2006) (Count 1), and conspiracy to commit bank robbery and to possess, conceal, or dispose of stolen bank funds, 18 U.S.C. §§ 371, 2113(c) (2006) (Count 3). He received a career offender sentence of 151 months imprisonment. U.S. Sentencing Guidelines Manual § 4B1.1 (2007). Stallard appeals his sentence, arguing that the district court erred in sentencing him as a career offender and in applying the 2007 Guidelines Manual. We affirm.

Stallard previously had been convicted of distributing cocaine in June 1998 in Carroll County, Virginia, and in January 1999 in Grayson County, Virginia. He also had a federal conviction for possession of a firearm in furtherance of drug trafficking, 18 U.S.C.A. § 924(c) (West 2000 & Supp. 2008), in connection with the January 1999 drug conviction. At sentencing, Stallard argued unsuccessfully, based on provisions in the 2006 Guidelines Manual, that these offenses should be counted as one offense rather than counted separately.[1] Under § 4B1.1, to qualify for sentencing as a career offender, a

---

[1] Under Application Note 3 to § 4B1.1, "[t]he provisions of § 4A1.2 . . . are applicable to the counting of convictions under § 4B1.1." Multiple prior sentences are counted separately unless certain conditions specified in § 4A1.2 are met.

defendant must have at least two prior convictions for either a drug offense or a crime of violence.[2]

The district court noted that it was required to apply the 2007 guidelines in effect at the time of sentencing,[3] that § 4A1.2(a) recently had been amended,[4] and that it currently provided that prior sentences were counted separately when there was no intervening arrest "unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day." Stallard's prior convictions did not meet those conditions. The court also stated that, even if the issue were determined under the 2006 guidelines, it would not find that the prior convictions were part of the same course of conduct because they were committed "in different localities," and on "widely separate dates," even though they "involve[d] the same offense."

Although Stallard did not question the district court's use of the 2007 Guidelines Manual at sentencing, he maintains in this appeal that the court's application of the

---

[2] A § 924(c) conviction is a "crime of violence" if the underlying offense was a drug offense. USSG § 4B1.2, comment. (n.1). If the defendant was also convicted of the underlying drug offense (as happened here), the sentences for both prior convictions are counted as a single sentence. Id.

[3] See USSG § 1B1.11.

[4] USSG App. C, amend. 709, eff. Nov. 1, 2007.

2007 guidelines violated the Ex Post Facto Clause.[5]  Under USSG § 1B1.11(b)(1), to calculate the advisory guideline range, the sentencing court must apply the Guidelines Manual in effect on the date of sentencing unless its use would violate the Ex Post Facto Clause, in which case the Guidelines Manual in effect on the date the offense of conviction was committed is applied instead.[6]  Because the district court correctly determined that Stallard would qualify as a career offender under either the 2006 or the 2007 Guidelines Manual, no ex post facto violation occurred.

Stallard was a career offender under the 2007 guidelines because the Carroll County cocaine distribution that he committed in June 1998, the federal § 924(c) offense he committed in January 1999, and the Grayson County cocaine distributions he committed in January 1999 were all charged in

---

[5] This issue, and others Stallard raises for the first time on appeal, are reviewed for plain error.  United States v. Olano, 507 U.S. 725, 732-37 (1993).  We are satisfied that no errors have been identified in this manner.

[6] We note that a circuit split has developed on the issue of whether, after United States v. Booker, 543 U.S. 220 (2005), the Ex Post Facto Clause no longer applies to the sentencing guidelines because they are now advisory.  This court has not decided the issue as yet.  See United States v. Myers, 553 F.3d 328, 333 n.2 (4th Cir. 2009). We conclude that the issue need not be addressed in this case.

separate indictments, and all three sentences were imposed on different dates.

Stallard did not challenge the accuracy of his criminal record in the district court, but he argues on appeal that the government failed to prove that he was a career offender because it did not introduce the charging documents for the predicate offenses. This claim is meritless. First, the hearsay rule does not apply at sentencing. USSG § 6A1.3(a) (sentencing court may consider any relevant information to resolve disputes, "provided that the information has sufficient indicia of reliability to support its probable accuracy"), and the testimony given by the state investigator for the government at sentencing was not erroneous in any significant respect. Second, Stallard's reliance on Shepard v. United States, 544 U.S. 13 (2005), and its progeny is misplaced.[7] Shepard and the cases stemming from it have limited, if any, relevance in this case because there was no dispute about the nature of Stallard's prior convictions, only the number countable under § 4A1.2.

---

[7] Shepard held that, in deciding whether a prior guilty plea was to a violent felony rather than a non-violent offense, the district court could consider only "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." 544 U.S. at 26.

5

Stallard's principal argument is that, under Application Note 3 of the 2006 Guidelines Manual, the predicate convictions for his career offender status were related cases and should have been treated as one offense under the test set out in United States v. Breckenridge, 93 F.3d 132 (4th Cir. 1996), for determining whether prior offenses were part of a "single common scheme or plan." To be a career offender under USSG § 4B1.1, a defendant must have two predicate convictions which are counted separately under USSG § 4A1.1. To determine which of a defendant's prior felony convictions are counted separately, the 2006 guidelines direct a sentencing court to look to the provisions of § 4A1.2, which treat prior sentences in "related cases" as a single sentence. USSG § 4A1.2(a)(2). Application Note 3 to § 4A1.2 explains: "[p]rior sentences are considered related if they resulted from offenses that (1) occurred on the same occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing." We have considered these factors and conclude that the district court did not err in finding that Stallard's prior offenses were not part of a common scheme or plan.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the

6

materials before the court and argument would not aid the decisional process.

AFFIRMED